```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at PIKEVILLE
```

| | | |
|---|---|---|
| JULIUS LEE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 7:20-CV-085-JMH |
| V. | ) | |
| | ) | |
| USP BIG SANDY PENITENTIARY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Julius Lee Thomas is a prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky.  Proceeding without counsel, Thomas has filed a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [DE 1]. Although Thomas has not paid the $350.00 filing fee and the $50.00 administrative fee, he has filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). [DE 3]. However, Thomas's fee motion is not supported by a certificate of inmate account that is certified by prison staff as required by 28 U.S.C. § 1915(a)(2).[1]

---

[1] Federal law requires that a motion to pay the filing fee in installments filed pursuant to § 1915 must be accompanied by "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). The

1

Even so, the Court may conduct a preliminary review of Thomas's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Thomas's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Because of the rambling nature of Thomas's allegations, it is difficult to ascertain the exact nature of his claims. However, from what the Court can tell, Thomas claims that he has been issued multiple false incident reports by prison staff in violation of his due process rights.  He also claims that he has been verbally, physically, emotionally, and mentally harassed. He alleges violations of the First Amendment Freedom of the Press, the Eighth Amendment's ban on cruel and unusual punishment, and his Fifth Amendment due process rights. He also suggests that he believes that he has been retaliated against for filing grievances. He filed

---

financial information submitted by Thomas in support of his motion [DE 4] is not certified by prison staff.

2

this lawsuit against Defendant USP-Big Sandy seeking $100,000.00 in punitive damages and requests that the good time credit that he lost as a result of the allegedly false incident reports be reinstated. [DE 1].

However, the Court has reviewed the complaint filed by Thomas and concludes that it must be dismissed without prejudice. A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Court must dismiss any complaint that fails to do so, *Hill*, 630 F. 3d at 470-71. The Court's obligation to liberally construe *pro se* pleadings does not extend so far as to require it to conjure unpled facts or create claims for the plaintiff. *Moorman v. Herrington*, No. 4:08-cv-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted).

First, the complaint fails to name a viable defendant. Thomas's constitutional claims seek monetary damages under *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. However, a *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). Thus, Thomas may not bring a *Bivens* claim against "USP-Big Sandy," which is, in essence, a claim

3

against the Bureau of Prisons (a federal agency). *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). As this is the only Defendant named in Thomas's complaint, he fails to identify a viable defendant against whom he may pursue his claims.

In addition, to the extent that Thomas seeks restoration of good conduct time that he claims to have lost as a result of the allegedly false incident reports, such relief is appropriately sought in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, not a civil rights action filed pursuant to *Bivens*. *See Terrell v. United States*, 564 F.3d 442, 446 (6th Cir. 2009) (recognizing a long line of Supreme Court precedent holding that "a challenge…of a prisoner's underlying conviction or sentence, that necessarily demonstrated the invalidity of the confinement's legality, or that would result in the restoration of good-time credits which necessarily shortens the duration of confinement, can only be brought under habeas.") (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973), *Heck v. Humphrey,* 512 U.S. 477 (1994), *Edwards v. Balisok,* 520 U.S. 641, (1997), and *Wilkinson v.*

4

*Dotson,* 544 U.S. 74 (2005)). *See also Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus…"). Should Thomas wish to pursue these claims in a § 2241 petition, the appropriate forms may be obtained from the Clerk of the Court.

For all of these reasons, the Court will dismiss Thomas's complaint for failure to state a claim for which relief may be granted.

Accordingly, it is hereby **ORDERED** as follows:

1) Thomas's complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**;

2) Thomas's motion for leave to proceed *in forma pauperis* [DE 3] is **DENIED**;

3) **JUDGMENT** shall be entered contemporaneously with this Order; and

4) This action is **STRICKEN** from the Court's docket.

This 8th day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge